If it may please the court, good morning. My name is Ty Karazi. I represent Sue B. Jones against the City of Orange Cove. In the matter that is before the court this morning, I understand the panel has read the facts and I will dispense with the facts recitation except as necessary to make my arguments. This case initially was filed as a result of an action taken by Mrs. Jones by the City of Orange Cove against Mrs. Jones' property. Mrs. Jones being the largest property owner in the small city of Orange Cove had become politically involved in the mayoral race involving her now-husband against the current and long-standing mayor. We have raised two general areas of claim with regards to Mrs. Jones' claim against the City. One, and foremost, was the City's action to condemn one of her properties for lack of a foundation. The property in question was constructed at least in the 1920s. There are no permit files on the property and has been across the street from the City Hall for several years since the City Hall was built subsequent to this building. When the Orange Cove mayoral election was engulfed, Mrs. Jones' properties became an issue of contention and, as a result, the City hired inspectors just to inspect Mrs. Jones' property, which resulted in this particular inspector tagging this property. Well, why don't we get to the issues in this case? We know all about that, but why didn't you file a petition for, you know, Administrative Mandamus under 1094.5? We believe we did file a petition for the prohibition, Your Honor. But the procedure is under 1094.5, isn't it? Well... Well, tell me this. Why doesn't 1094.5 not apply? Because the City's action was void of an issue. You can challenge that in 1094.5, can't you? We could have filed a 1094.5, but our belief was and remains that the City had no jurisdiction. All right. So if we conclude that the City had jurisdiction, although there were other errors, then you still lose, right? Because your only challenge is to jurisdiction? Well... Is that what you're saying? On the issue of City's proceeding was jurisdiction and also the failure to provide due process and a fair hearing. That's under 1094.5. But you didn't file a 1094.5. Correct. And I will take responsibility for that. But, again, our position remains that no matter what record we had presented to the reviewing court, in this case a district court, it would have still been based on a record of the City, which would have not provided us a fair hearing in light of the political circumstances that was going on. Tell us why you think a writ of prohibition can be treated as an administrative writ of mandamus. That was our position and remains our position. I know it's your position, but why? Because the case laws that we have cited in our brief provide for that authority, that the courts can treat a writ in the alternative and grant the relief that is requested. We believe that... What's your best case that holds that? Well, I have — excuse me, Your Honor. Sorry. That was later in my argument, so I have to go to that. I would like to cite the case of Coelho v. State Personnel Board. It's a 1989 case, 209 Cal App III, 960, which grants the courts authority. It grants the court authority to treat a writ as an alternative or alternate writ. In this case, the prohibition could have been treated by the trial courts as a writ of mandate. I'd like to also discuss, if I may, the 1983 claim. We believe the 1983 claim also provides for the writ's remedies in light of the new decisions under Los Angeles v. Humphreys that was just issued by the U.S. Supreme Court. In that case, as the Court is aware, the Supreme Court stated that the 1983 claims are not limited to the monetary awards, but also to prospective remedies. In this case, the prospective remedies would be to preclude the City of Orange Cove from acting in a manner inconsistent with its own ordinances. Inasmuch as the acts of the City of Orange Cove has been to affect the chill on the civil rights and free speech rights of Mrs. Jones, we believe that the 1983 was a compelling argument that should have been at least had some fact findings done, and it was not proper for disposition as a summary judgment. And that is the case. If this were to go to trial, what would the issues be? If I were to go to trial, the issues would be did the City of Orange Cove take on a policy and custom against Mrs. Jones in order to chill her right to free speech? That would be the right. That would be the issue. And did the motivation behind that effect to chill his civil rights result in them punishing Mrs. Jones by condemning one of her apartment units? And in fact, if the Court were to review the docket and the record of this case, there was no fair hearing in this case. The mayor at the conclusion of the hearing says, I'll give you a day in the Court, if you so call it. If you were to review the record, there was never a vote taken. There is a nodding of a head. That's what the recorded transcript shows. Two of the five nodded their heads. Three of the five were asked to be disqualified in this proceeding. And the one council member who had legitimate questions was shut out from the proceeding, was not allowed to ask her questions. And in fact, over the mayor's objection, she abstained from voting because she said, quote, I can't vote because my questions were not answered. This was not a fair proceeding whatsoever. And notwithstanding the fact that the City had no jurisdiction to proceed, it also did not even provide a pre-deprivation proceeding for us to have our day heard. Because of all of these, we believe that the trial court erred in granting the summary judgment because there are tribal issues of fact as to the motive, as to the 1983 claims. And also, we believe that this position on the issue of writ alone was improper. I would like to reserve the balance of my time for any rebuttal, if I may. Thank you. May it please the Court. My name is Jim McBrady. I'm from the law firm of Tuttle and McCluskey in beautiful downtown Fresno. And first, I'd like to address really the viability of the three remaining causes of action in the complaint. And that is the alleged due process violation under 42 U.S.C. section 1983, the inverse condemnation cause of action, and also the trespass cause of action. First of all, turning to the first cause of action under 42 U.S.C. 1983, the deprivation of due process here. Aside from the arguments over whether there's jurisdiction or not, the district court made a specific finding that there were no facts that were offered at any time to establish a due process violation on the part of the city. As a matter of fact, there was no constitutional deprivation in any way here. There was a hearing held before city council. The appellant was represented by council who participated in direct and cross-examination. There was evidence presented. And also, the appellant was able to present her own construction expert to testify at the hearing. And the strange thing about that is that the construction expert, Mr. O'Neill, testified directly at the hearing that the property in question here, because of the condition of the foundation, was not habitable. Basically, and that was he stated that on direct examination and even on cross. I asked him at that time, I said, well, can you tell me, can it be repaired? And he couldn't even say that. He said, well, you know, there's going to have to be engineering drawings submitted. There's going to have to be all sorts of things done first before we can determine even if it can be repaired. But regardless of what happened, what the district court ruled, it seems to me, is found in two small paragraphs at the very end of his decision. His entire decision is devoted to why plaintiffs are not entitled to summary judgment. Then he comes to the defendant's cross-motion for summary judgment. And all he relies on is that they filed the wrong type of review. They didn't file administrative mandamus. Where does he make a ruling on the merits of the claim? I have, Your Honor, if I may, for clarification. Are you saying a ruling on the merits of the city's motion? No. A ruling on the plaintiff's motion. No, no. Well, on the city's motion for summary judgment. He rules that the plaintiffs are not entitled to summary judgment. That takes, what, 12 and a half pages. Then he talks about whether you're entitled to summary judgment. Well, I think more than anything because he finds that there was jurisdiction for the action the city took. Well, whatever he finds, I'm asking what his ruling is. His first ruling, his major ruling, 12 and a half out of 13 pages, is that the plaintiffs are not entitled to summary judgment. That doesn't involve whether you're entitled to summary judgment. And the reason you're arguing is that you're saying that you're entitled to summary judgment or a dismissal. But he doesn't do that. He doesn't examine the evidence and give you a summary judgment on the basis of the evidence. He gives you a summary judgment on the basis that they filed the wrong writ. They filed prohibition instead of administrative mandamus. Well, I understand that he may not have made a direct reference at the end of the ruling as to why the city is entitled to summary judgment. Or maybe it's not as clear as we would like. Well, it's not as clear as you would like because he doesn't do it at all. All he does is say that procedurally they filed the wrong writ and, therefore, you get summary judgment. Well, I think, though, I think he says more than that. It's not just you. Well, you can read me from where he rules on your motion for summary judgment. Well, or partial summary judgment. I don't know what you asked for either in the alternative. I don't know. But in any event, that's what he ruled on, starting at page 13. Line 18. Line 18. Okay. Well, he bases his ruling, obviously, I guess, on the fact that the plaintiff's failure to pursue administrative mandamus rendered the res judicata. Right. And if it's res judicata, we should be entitled to summary judgment. Right. So that's the issue. We don't have to talk about the merits. That's the issue. Are you entitled to res judicata because he filed a writ of prohibition and a 1983 suit instead of a writ of administrative mandamus? Yes, I believe we are, Your Honor. Okay. So that's the issue then. And that's it. And the reason why is because, first of all, as far as filing the wrong writ, a writ of prohibition, first of all, a writ of prohibition under these circumstances is absolutely the wrong writ to follow, to file. Looking at 1094.5, 1094.5, both A and B, obviously, control in this situation. Also, too, in the cases cited by the appellant, those cases, for the most part, talk about the fact that there was writs that were pled in the alternative. There was both a writ of mandamus and a writ of prohibition. It doesn't have to be in the alternative. You know, there are cases, plenty of cases that say it doesn't matter what you call it. Right? Well, it also matters, though, what type of relief you're looking for, Your Honor. And under the circumstances here. If he's looking for a broadly construed, he's challenging the city's decision. Well, the only reason for the writ of prohibition was filed was to prevent the city from actually raising the building. It was filed right after the property was posted. At that point, the city offered that. No, it's because he wanted to prevent the city's decision from going into effect. Well, what. That's what 1094.5 is for, right? That's correct, Your Honor. But also the other. Well, is the importance of what he's asking for the same as what he would ask for in an administrative mandamus action? No, I don't believe so, because administrative mandamus. Well, prohibition basically deals with prospective action where mandamus does not. And under these circumstances, mandamus is proper as to the fact that the case, the way it's been pled and what occurred at the city make it absolutely clear that this is kind of more of an administrative, a ministerial sort of thing for which 1094.5 is the only thing which really applies here. As you've stated, there are some cases which say on both sides that it should be, you know, the court should treat it as a writ of mandamus. But all those cases talk about the fact that there's been things that there's been alternative writs pled, and also the fact that under the circumstances that 1094.5, and there's a number of cases that we've cited in here I think that really support our position that under 1094.5 was the only writ available. But something I think that is important, and I'll just wrap it up, is that under 1094.5, once again, it's more retrospective than prospective. And also something I think is important, that the writ of prohibition was never pursued. Once the city agreed not to raise the building during the pendency of this lawsuit, the writ hearing was taken off calendar, and it was dropped. And I think that's pretty clear that the writ wasn't filed for the proper purpose in this. And, Your Honor, I'm out of time. The 1983 case was filed along with the writ, wasn't it? Yes, it was. All right. So we consider them both together? Yes. All right. I guess you are out of time. Thank you. Thank you, Your Honor. Your Honors, I would like to discuss the issue of due process. There has to be a meaningful due process proceeding. If there is no meaningful due process, then there is no due process. Well, the only issue is whether you filed an appropriate writ at this point in the proceedings. It may not be later. But the judgment against you is based entirely on the failure to file an appropriate petition. Correct. And we believe that it is not dispositive of the entire case because the 1983 was never it requires a finding of facts. There was no finding of facts was ever done by the courts about the claim. The writ doesn't give us a right to seek damages. This apartment unit does. No, no. But the entire reasoning of Judge Beck is that he doesn't have to get into those issues because by your failure to file for administrative relief, the state court judgment has raised you to con us, so you can't even raise those in the 1983. That's the theory of his ruling, right? So the question is, as Judge Reinhart says, did you or did you not file for an administrative mandamus? That's all it comes down to. You can't raise these other issues. If the answer is you didn't, then all these issues are foreclosed by the application of race judicata, because you could have raised them in the State case. Well, the State case was never heard or adjudicated. The State case was set up. Oh, it's because you failed to file it. Well, the writ was filed concurrent with the complaint. The entire case was removed to Federal courts by the defendants. There is an allegation that the writ was dismissed. I see nothing on the record that the writ was ever dismissed. It's – it's – I don't know where the defendant gets it. Well, the defendant is saying that when you – whatever you do, you lay it aside, you take it off calendar, that that's tantamount to a dismissal. That's an unusual position. And there was never a hearing scheduled. The case was filed and served. It was removed to Federal courts. Scheduled orders were made. I think they have the issues. Thank you. Thank you very much, Your Honor. Thank you, Bill. The case just argued is – is submitted.
judges: Fletcher, Reinhardt, Tashima